**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| |
|---|
| **JANE DOE,**<br><br>      **PLAINTIFF,**<br><br>**v.**<br><br>**PROSKAUER ROSE LLP,**<br><br>      **DEFENDANT.** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO PROCEED UNDER PSEUDONYM AND
TO SEAL PERSONALLY IDENTIFYING INFORMATION**

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

In this action, Plaintiff – a prominent litigator in the Washington, D.C. area – brings claims against Defendant Proskauer Rose, LLP ("Proskauer"), her current employer, as well as Proskauer's Chairman.  Along with this Motion, Plaintiff filed her Complaint as Jane Doe.[1]

Plaintiff is currently a partner at Proskauer, and her identity is already known to Defendant. Accordingly, in bringing this Motion, Plaintiff makes only a limited and temporary request: simply that her name and personally identifying information be shielded from public disclosure through the initial stage of this litigation.

There is good cause to grant Plaintiff this relief.  Plaintiff's lawsuit implicates highly sensitive information, including confidential health information, personal compensation information, and highly sensitive information pertaining to a minor child.

Additionally, Plaintiff is concerned that if identifying information is disclosed to the public at large, it will affect Plaintiff's professional reputation and ability to secure comparable employment opportunities. Proskauer will likely exploit this publicity and attempt to impugn Plaintiff professional reputation in an effort to intimidate her and chill this litigation.  This concern is well founded.  Proskauer has already engaged in a concerted course of retaliation against Plaintiff for engaging in protected activity, culminating in Proskauer baldly threatening to terminate Plaintiff from the firm shortly after she informed Proskauer that she was prepared to bring suit.

## ARGUMENT

### I.  The Court Should Allow Plaintiff to Proceed Anonymously on a Temporary Basis

Courts in this district allow plaintiffs to bring cases without disclosing their identities

---

[1] Plaintiff filed this Motion on an *ex parte* basis because Defendant had not yet been served.

where appropriate.  "Although the D.C. Circuit has not yet delineated a formal test for determining when a party may proceed anonymously, courts in this district generally apply the five-factor test set forth in *National Ass'n of Waterfront Employers v. Chao* when weighing the moving party's and the public's competing interests."  *J.W. v. D.C.*, 318 F.R.D. 196, 198 (D.D.C. 2016).  Each of these five factors are each addressed in turn.  Taken as a whole, they weigh in favor of granting Plaintiff the right to proceed anonymously for the time being.

(1)     ***Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature.***  Plaintiff's complaint contains extensive information of that is highly sensitive and personal, including medical conditions and psychological symptoms that Plaintiff has suffered as a result of the unlawful treatment alleged in the Complaint.  This sensitive health information is highly material to this case.  For Plaintiff, however, being publicly identified with these medical problems would be embarrassing to Plaintiff and potentially damaging to her reputation as an indomitable litigator.  Additionally, Plaintiff has a well-founded concern that Defendant – knowing Plaintiff's concerns about protecting her reputation – will attempt to publicize chilling Plaintiff's protected activity.   Defendant's brazen threats of retaliation distinguish this case from the typical annoyance and criticism of ordinary litigation.

(2)     ***Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties.***  Identification poses a serious risk of retaliatory physical or mental harm of Plaintiff.  The Complaint details at length how Defendant's retaliatory conduct to date has taken a profound psychological and physiological toll on Plaintiff.  Plaintiff has experienced severe symptoms of emotional distress – including that included hypertension, extreme anxiety, a heart-valve condition, esophagitis, and insomnia – that

have necessitated treatment from numerous health care providers.  Additionally, Defendant has made clear its intent to retaliate against Plaintiff; indeed, after learning that Plaintiff was prepared to file suit, it brazenly announced its plans to terminate Plaintiff.

(3) ***The ages of the persons whose privacy interests are sought to be protected***.  As part of this case, Plaintiff brings claims for discrimination based on her family responsibilities and her taking of medical leave to care for her minor child.  While Plaintiff is an adult, these claims may necessitate the disclosure of information pertaining to her minor children.  In particular, the family emergency referenced in her Complaint involves extremely sensitive information about one of Plaintiff's minor children.  Accordingly, this case implicates private information involving children.

(4) ***Whether the action is against a governmental or private party***.  This action is bought against private parties, namely the law firm of Proskauer Rose LLP and its Chairman.

(5) ***The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously***.  There is no unfairness or prejudice to Proskauer from allowing Plaintiff to proceed anonymously at this time. *Crucially, Plaintiff's identity is being shielded only from the public at large, not from Defendant itself*.  Defendant knows Plaintiff's identity and have been informed, contemporaneously with this filing, that Plaintiff has initiated this lawsuit. Accordingly, since no information is being withheld from Defendant, Defendant has ample ability to defend itself in this litigation.  All that Plaintiff seeks is her personally identifying information not be placed in the public record when Plaintiff pleads her case and when Defendant presents its answer and defenses.  Defendant cannot assert any legitimate interest in publicizing Plaintiff's identity at this juncture of the litigation.

Defendant is not prejudiced by allowing Plaintiff to press her claims anonymously at this

juncture given limited, initial stage through which Plaintiff seeks this relief.  It is common for Courts to grant leave to file a complaint anonymously while reserving the right to order disclosure of a Plaintiff's identity at a later stage of litigation, *See, e.g.*, *Doe v. City of New York*, 2016 U.S. Dist. LEXIS 16344, at *12-13 (S.D.N.Y. Feb. 4, 2016) ("Plaintiff's motion to proceed anonymously is GRANTED at this time and the Court authorizes Plaintiff to file the proposed Amended Complaint. However, Defendants may move to revisit the issue of Plaintiff's anonymity before the case proceeds to trial.").  If any unforeseen prejudice to Defendant arises, any such prejudice can be mitigated by ordering disclosure of Plaintiff's name at that time.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff Jane Doe requests that the Court grant her Motion to Proceed Under Pseudonym and to Seal Personally Identifying Information.


Dated: May 12, 2017                      **SANFORD HEISLER SHARP, LLP**


                                  By:     *s/ David Sanford*
                                          David Sanford, D.C. Bar No. 457933
                                          Vince McKnight, D.C. Bar No. 293811
                                          Altomease Kennedy, D.C. Bar No. 229237
                                          Kate Mueting, D.C. Bar No. 988177
                                          **SANFORD HEISLER SHARP, LLP**
                                          1666 Connecticut Avenue NW, Suite 300
                                          Washington, DC 20009
                                          Telephone: (202) 499-5201
                                          Facsimile: (202) 499-5199
                                          dsanford@sanfordheisler.com

                                          Andrew Melzer* (AM-7649)
                                          Alexandra Harwin, D.C. Bar No. 1003018
                                          **SANFORD HEISLER SHARP, LLP**
                                          1350 Avenue of the Americas, 31st Floor
                                          New York, New York 10019

Telephone: (646) 402-5655
Facsimile: (646) 402-5651
jheisler@sanfordheisler.com
aharwin@sanfordheisler.com

Kevin Sharp, TN Bar No. 016287
**Sanford Heisler Sharp, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7000
Facsimile: (615) 434-7020
ksharp@sanfordheisler.com

*pro hac vice* application forthcoming