## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANE DOE.** | : | |
| | : | |
| **Plaintiff,** | : | **Civil No. 1:17-cv-00901-ABJ** |
| **V.** | : | |
| | : | |
| **PROSKAUER ROSE LLP.** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE OF JAMS, INC AND CAROL A. WITTENBERG TO THE EMERGENCY MOTION FOR PRESERVATION ORDER BY JANE DOE

Non-party Respondents, JAMS, Inc. and Mediator Carol A. Wittenberg (hereinafter "Respondents"), by and through undersigned counsel, hereby responds to the *Emergency Motion for Preservation Order by Jane Doe.*  The order sought by plaintiff is wholly unnecessary, and plaintiff has in any event failed to show that the order should issue as a matter of law.

Contrary to the representations made by plaintiff's counsel, there is no danger whatsoever that the documents potentially responsive to the subpoenas at issue will be destroyed or in any way compromised before the court has an opportunity to rule fully and finally on the enforceability of the subpoenas.   Immediately after the subpoenas were delivered to the JAMS offices in New York City,  JAMS acknowledged receipt of the subpoenas and notified all parties to the dispute that "neither JAMS nor the mediator will destroy any documents that are currently in [their] possession."  (See Exhibit A.)  This continues to Respondents' position.

### A.  Background

In March, 2017, Jane Doe and the Proskauer law firm agreed  to mediate the gender based employment discrimination dispute that now forms the basis of the claims set out in the Complaint.  The mediation was administered by JAMS at the JAMS offices in New York, NY before the JAMS appointed mediator, Ms. Wittenberg.  Consistent with JAMS' long standing and well known policies, both plaintiff and defendant explicitly agreed in writing, as a condition for JAMS's agreement to mediate the dispute, "that neither the mediator nor JAMS [would be] a necessary party in any arbitral or judicial proceeding relating to the mediation or to the subject matter of the mediation."   Plaintiff has now filed a lawsuit and, contrary to her (and defendants) explicit agreement, has served a subpoena on both JAMS and the mediator contending they have critical information  that will be  essential when  "the mediator is compelled to testify." *Memorandum of Points and Authorities in Support of Plaintiff's Emergency Motion for Preservation Order to Preserve Critical Evidence From Imminent Destruction* at page 7.

On or about  May 19, 2017 (one day after filing the complaint), plaintiff hand-delivered to the JAMS offices in New York City, what purport to be Rule 45 subpoenas calling for the production on June 17, 2017 of the notes taken by the mediator.  The subpoenas duces tecum call for the production of the documents at the New York, NY offices of plaintiff's counsel.

Immediately upon receipt of the subpoenas, JAMS acknowledged receipt and advised both plaintiff's counsel and the defendant law firm that neither it nor the mediator would destroy the documents called for in the subpoena. (Exhibit A .)  Non-party Respondents, JAMS and Wittenberg reiterate that position in response to the pending motion.  While it is likely that

Respondents will lodge objections to the subpoenas, or seek to have them quashed, neither

JAMS nor Wittenberg will destroy the documents pending a court review and final ruling.[1]

### B.  The Law

Prior to the issuance of a preservation order, plaintiff must establish the appropriateness

of equitable relief.  See, e.g., *United States v. Sum of $70,990,605*, 991 F. Supp. 2d 154, 163

(D.D.C. 2013) (analyzing a request for an injunction prohibiting destruction of evidence under

the traditional preliminary injunction framework).

Courts have employed different tests in deciding whether to issue a preservation order.

See, e.g., *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004) (creating a two-factor

test, requiring a party "seeking a preservation order [to] demonstrate that it is necessary and not

unduly burdensome"); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D.

429, 433–34 (W.D. Pa. 2004) (creating a three-factor test, weighing the degree of concern about

continued preservation of evidence, the irreparable harm likely to result from destruction, and

any burdens caused by issuing a preservation order).  Ultimately, the difference between these

varying tests is "more apparent than real," *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370

(S.D.N.Y. 2006), because fundamentally each test requires a court to strike an equitable balance

---

[1] The relevant portion of  Fed.R.Civ.P. 45, provides,

> (B) *Objections.* A person commanded to produce documents or tangible things or to
> permit inspection may serve on the party or attorney designated in the subpoena a
> written objection to inspecting, copying, testing or sampling any or all of the materials
> or to inspecting the premises—or to producing electronically stored information in the
> form or forms requested. The objection must be served before the earlier of the time
> specified for compliance or 14 days after the subpoena is served.

between (1) the likelihood that records will be lost absent a court order, and (2) any harms to the parties or other entities and individuals stemming from issuance of a preservation order.

Regardless of the particular legal standard used, the burden is always on the moving party to establish that a preservation order is warranted. See, e.g., *Pueblo of Laguna*, 60 Fed. Cl. at 137–38; *Humble Oil & Ref. Co*., 262 F. Supp. at 42–43. Furthermore, because the authority to issue a preservation order stems from a court's inherent authority, the Court must proceed "with restraint and discretion." *Pueblo of Laguna*, 60 Fed. Cl. at 137 (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991)). The law does not support plaintiff's suggestion that a preservation order is "standard" or should issue in the normal course. *Plaintiff's Memorandum* at page 8.

### C.   A Preservation Order is Unnecessary to Preserve the Documents at Issue in this Case

Plaintiff's motion is wholly unnecessary because the Respondents have received subpoenas calling for the documents which by itself obligates the Respondents to preserve the documents pending a ruling on the efficacy of the subpoenas. Moreover, Respondents have advised plaintiff (and defendant too) in writing that it will not destroy the notes being sought by the plaintiff.

. As Plaintiff's motion would do no more than ensure Respondents obligations to address the subpoenas that have been delivered to it, and because Plaintiff has offered no evidence whatsoever to support its contention that the Respondents will not meet or is not meeting its obligation to preserve the documents called for in the subpoenas, Plaintiff has failed to carry its burden of showing the necessity of a preservation order in this case. Plaintiff's motion should be denied. See, *Landmark Legal Found. v. Envtl. Prot. Agency*, 910 F.Supp.2d 270 (D.D.C., 2012) (denying request for preservation order because there was legitimate basis to believe the

respondent has or would "destroy any records related to the request").  See also, *Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001) ("To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists.") .

Plaintiff is incorrect to argue that it can show "irreparable harm" simply because the loss of responsive records would be irreparable.  Id. ¶ 25.  To obtain a preservation order, the requesting party must demonstrate not only that the destruction of records would constitute irreparable harm, but also that there is a sufficient likelihood of such destruction absent a court order.  See *Landmark Legal Fdn. v. EPA*, 910 F. Supp. 2d at 279 (noting that "the mere 'potential of destruction' is not sufficient to demonstrate the need for [a preservation] order"); *Pueblo of Laguna*, 60 Fed. Cl. at 138 ("[T]he proponent ordinarily must show that absent a court order, there is significant risk that relevant evidence will be lost or destroyed*[.]"); Capricorn Power Co.*, 220 F.R.D. at 434 ("[I]n the absence of any significant past, present or future threat to the continuing integrity or existence of the evidence, such an order is superfluous."). Here, Plaintiff has made no such showing; nor can it given the express representations given to plaintiff and reiterated herein.

## **CONCLUSION**

For these reasons, Plaintiff's motion is unfounded and unnecessary, and should be denied.

Respectfully submitted,

__/s/ William E. Wallace III_____
William E. Wallace III (D.C. Bar No.:  298000)
Capital Legal Group (US) PLLC
1717 Pennsylvania Avenue, N.W. Suite 1025
Washington, D.C.  20004-2595
Telephone:  (202) 559-9185
Facsimile:   (202) 644-5227
Email:  WWallace@CapLegal.US
*Counsel for Defendant JAMS, Inc.*

Dated:  May 23, 2017

## Exhibit A

From: Elizabeth Carter <ecarter@jamsadr.com>
Sent: Friday, May 19, 2017 8:57 AM
Subject: Jane Doe v. Proskauer Rose LLP
To: <jheisler@sanfordheisler.com>, <sobus@proskauer.com>,
<dsanford@sanfordheisler.com>, <kmckenna@proskauer.com>,
<ksharp@sanfordheisler.com>, <aharwin@sanfordheisler.com>

Dear Counsel:

JAMS is in receipt of the subpoenas and Emergency Motion served in the above-referenced
matter. This matter has been referred to JAMS General Counsel for response. In the meantime,
neither JAMS nor the mediator will destroy any documents that are currently in our possession.

Thank you,
Elizabeth M. Carter, Esq.
JAMS
Vice President-East/Central Region
212-607-2737

## **CERTIFICATE OF SERVICE**

 The undersigned does hereby certify that a copy of the foregoing **RESPONSE OF JAMS, INC**

**AND CAROL A. WITTENBERG TO THE EMERGENCY MOTION FOR**

**PRESERVATION ORDER BY JANE DOE** was served concurrent with the filing of this

document by electronic means through the Electronic Case Filing system, and by electronic mail'

on this 23rd  day of May, 2017, to:

> David Sanford, Esq.
> **SANFORD HEISLER SHARP, LLP**
> 1666 Connecticut Avenue NW, Suite 300
> Washington, DC 20009
> dsanford@sanfordheisler.com

> __/s/ William E. Wallace III_____
> William E. Wallace III