**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE,<br><br>    PLAINTIFF,<br><br>v.<br><br>PROSKAUER ROSE LLP,<br><br>    DEFENDANT. | Case No. 1:17-cv-00901-ABJ |

**JOINT REPORT AND MOTION TO ADOPT
PROPOSED SCHEDULING ORDER**

As directed by the Court on March 29, 2018, counsel for the parties to this action met and conferred on April 5, 2016. The parties jointly submit this Report under LCvR 16.3 and move the Court to adopt their Proposed Scheduling Order as the Case Management Order for this case.

    **I.**    **MATTERS DISCUSSED UNDER LCvR 16.3(c)**

    **1.**    **Dispositive Motions**

Proskauer filed a pre-discovery motion for summary judgment and motion to dismiss, which Plaintiff opposed. On March 29, 2018, the Court denied Proskauer's motion without prejudice pending limited discovery consistent with the Court's direction at the conference of March 29, 2018. Defendant continues to contend that this case should be disposed of by dispositive motion following the conclusion of this discovery. Plaintiff disagrees and expects that, following briefing on Proskauer's renewed dispositive motion, this case will proceed through merits discovery and then trial.

    **2.**    **Joinder and Amendment of Pleadings**

On February 14, 2018, Plaintiff was issued notice by the EEOC of her right to sue Proskauer. The Court has ordered Plaintiff to file her motion for leave to amend her complaint

by April 13, 2018. The parties hereby request that the time for Plaintiff's filing be extended to April 25, 2018, to provide the parties with additional time to confer regarding the amended complaint. The parties request that if Defendant opposes Plaintiff's filing, then the time of Defendant's opposition be set for May 11, 2018 and Plaintiff's reply be set for May 22, 2018.

### 3.    Magistrate Judge

The parties do not consent to assignment of this case to a Magistrate Judge for any proceedings, including trial.

### 4.    Possibility of Settlement

As further explained below, the parties are willing to make good faith efforts to attempt to resolve this case.

### 5.    Alternative Dispute Resolution

The parties previously engaged in settlement discussions but did not reach agreement. The parties are amenable to promptly participating in mediation with a senior judge according to this Court's alternative dispute resolution procedures. The Court may facilitate this by referring the parties to a senior judge in D.D.C. for alternative dispute resolution. The parties agree that the litigation, including discovery, should not be stayed pending alternative dispute resolution.

### 6.    Summary Judgment or Motions to Dismiss

The parties' respective positions on Proskauer's contemplated motion for summary judgment and motion to dismiss are set forth above. The parties agree that Defendant's renewed motion for summary judgment and motion to dismiss should be filed by November 30, 2018, Plaintiff's opposition should be filed by January 17, 2019, and Defendant's reply should be filed by January 31, 2019. Plaintiff reserves her right to seek leave to file a sur-reply. Pursuant to LCvR 16.3(c)(6), the parties propose that the Court rule on the motion by March 15, 2019.

7.     **Initial Disclosures**

The parties hereby stipulate to waive initial disclosures under Fed. R. Civ. P. 26 in connection with the discovery ordered by the Court at the conference of March 29, 2018.

8.     **Extent and Duration of Discovery**

The scope of the initial phase of discovery in this action will be consistent with the Court's direction at the conference of March 29, 2018.  The parties propose that this initial phase of discovery should be completed by October 31, 2018.  The parties shall propound their initial document requests and interrogatories by April 27, 2018. The parties shall endeavor to mutually agree upon the form of a protective order by May 21, 2018.

9.     **Electronically Stored Discovery**

The parties will endeavor to mutually agree upon a protocol regarding the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced and initial electronic search terms, by May 21, 2018.

10.    **Claims of Privilege or Trial-Preparation Protection**

The parties will endeavor to mutually agree upon and enter into a written stipulation, which they will ask the Court include in an order under Federal Rule of Evidence 502, concerning the handling of discovery materials as to which any party may assert a claim of confidentiality, attorney client privilege or of protection as work product or trial-preparation material, including any protocols for asserting such claims after production.  The parties propose that they submit such a stipulation to the Court by May 21, 2018.

11.    **Expert Witness Procedures**

At this time, the parties do not anticipate the use of expert witnesses in the phase of discovery concerning Plaintiff's status.  That said, the parties reserve their right to use expert

witnesses.  If a party seeks to use any expert witness, disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be provided by September 17, 2018, and any expert depositions will occur thereafter on or before October 31, 2018.

### 12. Class Action Procedures

This case is not a class action.

### 13. Bifurcation of Discovery and/or Trial

The current phase of discovery in this action will be consistent with the Court's direction at the conference of March 29, 2018.  Matters concerning merits discovery and trial proceedings are to be determined pending the Court's ruling on Defendant's renewed dispositive motion.

### 14. Pretrial Conference

To be determined pending the Court's ruling on Defendant's renewed dispositive motion.

### 15. Trial Date

To be determined pending the Court's ruling on Defendant's renewed dispositive motion.

### 16. Other Matters

There are no other matters that the parties believe need to be included in a scheduling order at this time.

Respectfully submitted,

| | |
|---|---|
| **SANFORD HEISLER SHARP, LLP** | **PROSKAUER ROSE LLP** |
| */s/ David Sanford* | */s/ Kathleen M. McKenna* |
| David Sanford, D.C. Bar No. 457933 | Kathleen M. McKenna* (KM-4258) |
| Vince McKnight, D.C. Bar No. 293811 | Steven E. Obus* (SO-9791) |
| Altomease Kennedy, D.C. Bar No. 229237 | Evandro C. Gigante* (EG-7402) |
| Kate Mueting, D.C. Bar No. 988177 | **PROSKAUER ROSE LLP** |
| Christine Dunn, D.C. Bar No. 468401 | Eleven Times Square |
| **SANFORD HEISLER SHARP, LLP** | New York, New York 10036 |
| 1666 Connecticut Avenue NW, Suite 300 | Telephone:  (212) 969-3000 |
| Washington, DC 20009 | Facsimile:  (212) 969-2900 |

Telephone: (202) 499-5201
Facsimile: (202) 499-5199
dsanford@sanfordheisler.com
vmcknight@sanfordheisler.com
akennedy@sanfordheisler.com
kmueting@sanfordheisler.com
cdunn@sanfordheisler.com

Andrew Melzer (AM-7649)
Alexandra Harwin, D.C. Bar No. 1003018
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5655
Facsimile: (646) 402-5651
amelzer@sanfordheisler.com
aharwin@sanfordheisler.com

Kevin Sharp, TN Bar No. 016287
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7000
Facsimile: (615) 434-7020
ksharp@sanfordheisler.com

kmckenna@proskauer.com
sobus@proskauer.com
egigante@proskauer.com

Colin Kass (DC Bar No. 460630)
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Telephone:    (202) 416-6890
Facsimile:    (202) 416-6899
ckass@proskauer.com

*Counsel for Defendant*
Proskauer Rose LLP

*Admitted *pro hac vice*