UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-0901 (ABJ) |
| | ) | |
| PROSKAUER ROSE, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In light of the joint report submitted by the parties pursuant to Local Civil Rule 16.3, it is

**ORDERED** that:

1. Plaintiff must file her motion for leave to file an amended complaint by April 25, 2018. If the motion is opposed, defendant must file its opposition by May 11, 2018; and plaintiff's reply, if any, is due by May 22, 2018.

2. The parties must propound initial discovery requests in accordance with the Court's ruling on plaintiff's Rule 56(d) motion by April 27, 2018.

3. The parties must endeavor to mutually agree upon a protocol regarding the disclosure, discovery, and preservation of electronically stored information by May 21, 2018.

4. The parties must submit to the Court a proposed stipulated protective order by May 21, 2018.

5. If a party seeks to use any expert witness, disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) must be provided by September 17, 2018. In the Court's view, it is unlikely that expert testimony is needed to illuminate the factual issues for which discovery has been authorized.

6. All discovery related to the issue of plaintiff's status as an "employee" must be completed no later than October 31, 2018. The Court considers this to be more than enough time given the limited nature of the discovery to be undertaken, so it is not likely to extend the period absent a compelling reason to do so.

7. Defendant's renewed motion for summary judgment and motion to dismiss is due by November 30, 2018; plaintiff's opposition is due by January 17, 2019; and defendant's reply is due by January 31, 2019.

It is **FURTHER ORDERED**, with the consent of the parties pursuant to their Rule 16.3 report, that this matter is referred to The Honorable Barbara J. Rothstein for settlement purposes to commence on April 17, 2018 and to conclude on June 18, 2018. The parties should contact her chambers to establish a schedule for the mediation, and they must submit a report to the Court on the status of the mediation by June 18, 2018. If the case settles in whole or in part, both parties shall immediately advise the Court of the settlement by filing a stipulation.

It is **FURTHER ORDERED** that the case is not stayed, and the discovery that has been authorized will continue pursuant to the schedule outlined above during the course of mediation.

It is **FURTHER ORDERED** that counsel read and comply with all of the Local Rules of this Court, particularly LCvR 5.1(b), 5.2(a), and 5.4. Rule 5.2(a) shall apply to any initial disclosures or expert disclosures or any other discovery materials transmitted pursuant to Fed. R. Civ. P. 26 or this Scheduling Order. All rules will be enforced by the Court whether or not they are specifically reiterated in this Scheduling Order.

## **DISCOVERY**

Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing any dispute to the Court. If counsel are unable to resolve the matter themselves, they may arrange a telephone conference with the Court and counsel for all parties by contacting chambers. **No written discovery motion may be filed without a prior conference with the Court and leave of Court.** With respect to depositions, the Court expects that counsel will endeavor in good faith to resolve disputes among themselves, and it cautions that while appropriate objections may be noted for the record, no lawyer may instruct a witness not to answer a question unless the question calls for the revelation of privileged material. Disputes brought to the Court

for resolution may be subject to the sanctions provisions set forth in Fed. R. Civ. Proc. 37 and LCvR. 26.2(a).

## SCHEDULING MATTERS

Counsel are directed to contact the Court's Courtroom Deputy in the first instance to request the rescheduling of court appearances. The party seeking the change in schedule must first confer with counsel for all other parties and be prepared to provide the Courtroom Deputy with proposed mutually agreeable dates.

Extensions of time to file dispositive motions, status reports, or expert witness designations, or to complete discovery, will be granted as a matter of course if all parties consent and if the extensions will not require a change in any scheduled court appearance (status conference, motion hearing, pretrial conference, trial).  But **any motion to extend a deadline set by the Court must be filed at least two business days prior to the date to be extended**.  Motions that do not comply with this requirement, including consent motions, will be denied absent a statement demonstrating good cause for the failure to do so.

## MOTIONS

Motions that do not comply with LCvR 7 may be denied or stricken *sua sponte*.

A party may not file a sur-reply without first requesting leave of the Court.

Motions for reconsideration of prior rulings are strongly discouraged.  They may be filed only when the requirements of Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 59(e), and/or Fed. R. Civ. P. 60(b) are met.  If such a motion is filed, it shall not exceed ten (10) pages in length.  Moreover, the Court may strike: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time.  *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

## **MOTIONS FOR SUMMARY JUDGMENT**

Counsel should take care to comply with LCvR 7(h).  In circumstances in which Rule 7(h)(1) is applicable, the parties must abide by the following guidelines in complying with the rule:

1. The memorandum of points and authorities shall list the elements of any count for which summary judgment is sought.

2. The statement described in LCvR 7(h)(1) listing the facts as to which the moving party contends there is no material issue must be a separate document.

3. Each material fact included in the statement must be numbered individually, and a citation to the evidentiary support in the record must be provided for each numbered fact.

4. The moving party shall indicate which element is supported by the material fact.

5. The Court will not consider any fact (a) not supported by a reference to evidence; (b) supported by a citation to a pleading rather than to evidence; (c) that states a legal conclusion; or (d) that is asserted in a brief and not in the movant's statement of material facts.

6. The opposition to a motion for summary judgment must be accompanied by a separate document that responds directly and individually to the movant's material facts. The opposition should clearly indicate which elements of which counts are subject to genuine factual disputes.

7. The response must contain numbered responses that correspond to each numbered material fact listed in the moving party's statement and indicate whether or not a dispute exists as to each. (The Court would greatly appreciate a response that provides this information in the form of a table with two columns – one for the movant's numbered material facts, and one for the response to each.)

8. For each fact that is disputed, the response should contain (in the appropriately numbered individual paragraph) a concise, non-argumentative response and a citation to the evidence supporting that response.

9. The Court will deem the movant's citations to be supportive of its facts unless the respondent specifically informs the Court to the contrary in its response.

10. The opposition to a motion for summary judgment must also include the statement of genuine issues described in LCvR 7(h)(1) that lists any additional facts which the respondent contends are material and present a genuine issue for trial. The statement must comply with the guidelines set out in paragraphs 1-3 above.

11. If a respondent provides a statement of additional material facts which are in dispute, then, within the time permitted for a reply, the movant may file a concise and supported response to each of the respondent's facts, also in a numbered format that corresponds to the numbers in the respondent's statement.

**SO ORDERED**.

*[Signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

DATE:  April 17, 2018