UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x

CONNIE BERTRAM,

        Plaintiff,

   v.

PROSKAUER ROSE LLP,

        Defendant.

---------------------------------------------------------------- x

**FILED**
**MAY 25 2018**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Civil Action No. 17-00901 (ABJ)

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

WHEREAS, the term "parties" as used throughout this Stipulation and Order refers to: Plaintiff Connie Bertram ("Plaintiff") and Proskauer Rose LLP ("Proskauer" or "Defendant");

WHEREAS, the parties anticipate exchanging documents and information that may contain privileged, confidential, proprietary, trade secret, or personal information concerning the parties, current and former partners or employees of Proskauer, entities affiliated with the parties, clients of the parties or other third persons, and/or the events and occurrences forming the subject of this action;

The parties to this action, through their respective counsel of record, **HEREBY STIPULATE** to the following, and request that this Stipulation and Confidentiality Order (the "Confidentiality Order") be entered as an Order of the Court. The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

1. For the purposes of this Confidentiality Order, "Confidential Information" shall include:

   a. documents or information that contain any non-public, proprietary, private and/or business information of any party, entities affiliated with any party, or other third persons, such as, without limitation, financial, budgetary, commercial, and/or strategic information;

   b. documents or information concerning clients or potiential clients of any party or any entities affiliated with any party;

   c. documents or information that contain sensitive information about partners or employees at Proskauer, including but not limited to compensation information and client billings or collections;

   d. contracts or other agreements, including drafts, between Proskauer or any entities affiliated with Proskauer and: (i) any partner or employee of Proskauer or any entities affiliated with Proskauer; or (ii) any business partner or other entity of Proskauer or any entities affiliated with Proskauer that contain or reflect any proprietary or other confidential information;

   e. material containing social security numbers, phone numbers, or home addresses;

   f. medical records or health-related information;

   g. any other type of information that any party determines reasonably and in good faith is confidential.

2. All information or material(s) that the producing party believes in good faith contains information that fits the definition of Confidential Information in Paragraph 1 above

may be marked or designated "Confidential – Subject to Protective Order" (hereinafter, "Confidential"), to be treated in accordance with the provisions of this Confidentiality Order. The producing party of documents or information containing Confidential Information shall, in the case of documents, designate them as containing Confidential Information by stamping or otherwise clearly marking each page as "Confidential" in a manner that will not interfere with legibility or audibility, and with respect to any other form of information shall provide such designation in a separate writing or on the record in the case of transcribed testimony, as per Paragraph 12.

3. If a producing person inadvertently fails to designate any document or other information containing Confidential Information as "Confidential," such producing person may make the designation belatedly, so long as the designation is made promptly after learning of the oversight, and is further entitled to all rights set forth in Paragraphs 15-16.

4. A party who is a recipient of documents or information containing Confidential Information may designate the documents or information "Confidential" by notifying the producing person in writing of the need to so designate it. In that event, the party designating shall mark the material "Confidential" and distribute the marked material to each party.

5. The receiving (or non-designating) party shall not be deemed to join in the designating party's legal or factual assertions, claims, or arguments with respect to the confidential nature of the documents or information designated as Confidential Information and reserves the right to object to the confidentiality designation of such material.

6. A non-party may designate documents or information containing Confidential Information produced by such non-party in response to a subpoena in this action "Confidential"

so as to make it subject to the terms of this Order. A party may also designate documents or information containing Confidential Information by a non-party in response to a subpoena "Confidential" so as to make it subject to the terms of this Order.

7.  Confidential Information produced in connection with this action may be used and retained for purposes of this action only, and may not be used in any other action, lawsuit, litigation, arbitration, mediation or other proceeding(s) in any forum or tribunal of any kind. It may not be used or in any way communicated to anyone, including, but not limited to, attorneys or other litigants, for any purpose other than to prosecute or defend against the claims asserted in this action.

8.  Except as otherwise provided, Confidential Information shall not be shown, distributed, quoted, or summarized in any way to anyone other than (the "Designated Persons"):

   a. counsel for the parties in this action who are actively engaged in the conduct of this action and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of this litigation;

   b. the Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers;

   c. the parties to this action;

   d. persons who were partners or employees of Proskauer as of the time this action was filed, (i) who are involved in assisting Defendant in its defense of this litigation and/or the prosecution of any counterclaims; and (ii) whom Defendant

-4-

      reasonably believes needs access to such information in connection with providing Defendant with such assistance; provided, however, that the inclusion of this subparagraph 8(d) in no way limits the interpretation or application of subparagraphs 8(e) or (g) and the parties' rights to disclose Confidential Information to Designated Persons pursuant to those subparagraphs; and further, the parties shall revisit the scope of this subparagraph 8(d) after the Court renders a decision on Defendant's contemplated renewed summary judgment motion.

e.   the authors, addressees, copy recipients, originators of the Confidential Information or other persons whom counsel reasonably and in good faith believes have previously seen or otherwise had access to it;

f.   experts retained as either consultants or potential witnesses and any other litigation consultants retained;

g.   witnesses in the course of deposition or trial testimony who are examined in good faith by counsel with respect to Confidential Information for legitimate discovery or trial purposes, and any person who counsel believes in good faith may be a witness in this action and whose examination with respect to Confidential Information may be necessary in connection with that testimony. The provisions of this Stipulation apply to any person(s) attending a deposition in which Confidential Information is disclosed to the same extent as if such person were being shown written Confidential Information;

h.   any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral.

9. Each person described in subparagraphs 8(d), 8(f), and 8(g) receiving Confidential Information shall execute a copy of the Certification annexed as Exhibit A to this Stipulation (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court). If any of the Designated Persons to whom access to Confidential Information is permitted and/or disclosure of Confidential Information fails or refuses to agree in writing to comply with the terms of this Confidentiality Order as to any particular Confidential Information, disclosure of such Confidential Information shall not be permitted to that person at that time. The parties, or any of them, may then seek relief from the Court as to, among other things, whether or not such person is one to whom the Confidential Information should be disclosed.

10. In making copies of Confidential Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those entitled to access to the Confidential Information under Paragraph 8, above.

11. This Confidentiality Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Confidentiality Order, currently has access to, or possession of, Confidential Information. Nothing in this Confidentiality Order shall prevent the producing party from using or disclosing its own Confidential Information in any way it deems appropriate.

12. If Confidential Information is disclosed at a deposition, only those persons may be present who are authorized by the terms of this Confidentiality Order to have access to such material. The disclosing party shall have the right to exclude from attendance at the deposition,

during the time the Confidential Information is to be discussed or disclosed, any person not authorized by this Confidentiality Order to receive the Confidential Information. If requested by any party, the portions of the deposition transcripts which refer to the Confidential Information shall be marked or designated as "Confidential" and treated in accordance with the terms of this Confidentiality Order. Unless the parties mutually agree otherwise, Confidential designation(s) with respect to depositions must be made within thirty (30) days after that party receives the court reporter's transcript for that deposition.

13. No modification or other change to this Confidentiality Order shall be effective unless it is in writing and signed by counsel of record, or has been reduced to an order of the Court.

14. By agreeing to the procedures set forth in this Confidentiality Order, none of the parties agree to produce any document(s) or waives or prejudices any objection he, she or it may have with respect to the production of any document(s) or information. Nothing contained herein shall prejudice the right of a party to object to the production of any document(s) or information. In addition, the fact that a party has entered into this Confidentiality Order is not, and shall not be argued or deemed to constitute, a waiver of any objections they may have to the production of documents (including any objections based upon the attorney-client or attorney work-product privileges). This Confidentiality Order does not prejudice the right of any party to apply to the Court, consistent with the Court's April 17, 2018 Order (Dkt. No. 40) regarding the resolution of discovery disputes, for an Order compelling production of documents or to apply to the Court for:

    a.    a further or modified Confidentiality Order relating to any discovery in this action; or,

    b.    an order declaring that a document(s) or information designated as "Confidential Information" is not confidential and should not be subject to this Confidentiality Order; and likewise does not prejudice the right of any party to object to any such application or motion.

Pending a determination by the Court, material designated as confidential by a party shall be treated as Confidential Information as provided in this Confidentiality Order. Nothing in this Stipulation is intended to waive or limit any right or protection to which any party would otherwise be entitled under Rule 502 of the Federal Rules of Evidence.

15.    If any Confidential Information is inadvertently produced or disclosed without being designated "Confidential" in accordance with this Confidentiality Order, the failure to so designate the document or other disclosure shall not be deemed a waiver. Until the document or other disclosure is designated "Confidential" by the party producing it, the party receiving the document or disclosure shall be entitled to treat it as non-confidential. When the document or information is designated "Confidential", however, counsel to the party designating it shall take prompt and reasonable steps to have the document or material marked "Confidential" and treated accordingly under the terms of this order.

16.    The inadvertent disclosure by a producing person or its counsel of any material protected by any privilege or by work product protection (collectively, "privilege") shall not constitute a waiver of any such privilege. Should counsel believe that another party or any non-party inadvertently produced or disclosed privileged material, counsel shall promptly notify the

producing person. A producing person who inadvertently discloses material it claims to be covered by a privilege shall give notice promptly after discovery that the privileged material was inadvertently disclosed. Upon receipt of such notice, if the person to whom such information was disclosed seeks to challenge the claim of privilege or to assert that privilege was waived, the procedures set forth in Paragraph 17, below, shall apply. Persons in receipt of such notice shall not view the material in question from the time of the notice until resolution of the dispute, or afterwards if the dispute is resolved in favor of the claim of privilege. If the claim of privilege is upheld, the material in question shall be promptly returned or destroyed on request of the producing person or counsel. In addition, the disclosure of Confidential Information pursuant to the procedures set forth in this Stipulation does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of material designated as Confidential in this action.

17. If a party believes that a document(s) or information has been improperly designated as "Confidential", the party may challenge the designation. The parties shall meet and confer and attempt to resolve any dispute. If they are unable to resolve their dispute(s), the disclosing party may seek a protective order from the Court, or, alternatively, the party challenging the designation may seek an order from the Court declaring that the document has been improperly designated as "Confidential." In either event, the parties shall address any dsputes in accordance with the Court's April 17, 2018 Order (Dkt. No. 40) regarding the resolution of discovery disputes. The burden shall be on the party seeking to maintain a designation of Confidential Information to establish the confidential nature of the document or

information. Pending a determination by the Court, material designated as "Confidential" by a party shall be treated as Confidential Information protected by this Confidentiality Order. For the avoidance of doubt, a party shall not be obliged to challenge the propriety of a designation of Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereof, whether during the pendency of this litigation or afterwards.

18. The party seeking to file any document containing Confidential Information or any pleadings, motions, or other papers that contain(s) or refer(s) to any Confidential Information shall apply to the Court for leave to file such document or papers under seal in accordance with the Court's rules and procedures. If leave is granted, the party shall file such document or papers under seal. Pending an order from the Court, the party seeking leave to file documents containing Confidential Information may file by ECF a copy from which all Confidential Information has been redacted (a placeholder for an entire page or document may be included) in such a way that the redaction cannot be altered. A copy of a party's application to seal or redact shall be contemporaneously served on all other parties.

19. This Confidentiality Order shall not apply to the submission or filing of documents containing Confidential Information, or to testimony where Confidential Information is requested or disclosed, at a hearing or trial. The parties agree that they will, in advance of a hearing or trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information at such hearing or trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of Confidential Information at

hearing and/or trial. Nothing in this Confidentiality Order shall be construed to affect the admissibility of any document or information at a hearing and/or trial.

20. If any disclosure of Confidential Information that a party has obtained in discovery in this litigation is required by subpoena or order of any court or administrative agency, or is otherwise required by any law or regulation of any governmental authority of any kind, the party that is the subject of the subpoena or order or law or regulation shall give prompt written notice to counsel for the other parties, but in no event later than five (5) business days after receiving the subpoena or order or notice of the requirement under law or regulation, and in any event before the date of production or other disclosure set forth in the subpoena or order or required by such law or regulation. The designating party may then notify the person receiving the subpoena in writing of the designating person's intent to move or intervene to quash or otherwise oppose or object to such subpoena, order or claimed requirement under law or regulation. Should the designating person give notice of such an intent, the person receiving the subpoena shall take reasonable and necessary steps to withhold such production or disclosure for as long as may be permitted under law while the intervening person pursues its effort to quash, oppose or object, provided, however, that nothing in this stipulation shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court or any applicable law or regulation.

21. Persons obtaining access to Confidential Information designated under this Stipulation shall use the material obtained in discovery only for preparation and trial of this litigation (including appeals and retrials) and shall not use the material for any other purpose. By entering into this Stipulation, no party concedes that any information designated by any other

party as "Confidential" does in fact contain or reflect Confidential Information as defined herein. The parties expressly acknowledge that the Court has not made any finding regarding the confidentiality of purportedly Confidential Information that the parties may designate and retains full discretion to determine whether to afford confidential treatment to any materials designated "Confidential" in accordance with this Stipulation.

22. All Confidential Information produced in this action during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be: (1) returned to the producing party within sixty (60) days after final determination of this action; or (2) destroyed by the non-producing party possessing such Confidential Information within sixty (60) days after final determination of this action. In the event a party chooses the latter option, the party shall provide the other party with a written statement attesting to such destruction within ten (10) business days after such destruction occurs. Notwithstanding the foregoing, counsel for the parties who are actively engaged in the conduct of this action may maintain in their files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders, briefs, legal memoranda, and correspondence with opposing counsel and the Court, and its customary attorney work product, correspondence, and other case files.

23. Nothing in this Stipulation shall prevent any party from seeking from the Court modification of this Stipulation or from objecting to discovery in accordance with the Federal Rules of Civil Procedure and the Court's April 17, 2018 Order (Dkt. No. 40) regarding the resolution of discovery disputes. Nothing in this Stipulation shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Stipulation.

Dated: May 21, 2018

By: /s/ Alexandra Harwin

Alexandra Harwin, D.C. Bar No. 1003018
Andrew Melzer (AM-7649)
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5655
Facsimile: (646) 402-5651
amelzer@sanfordheisler.com
aharwin@sanfordheisler.com

David Sanford, D.C. Bar No. 457933
Vince McKnight, D.C. Bar No. 293811
Altomease Kennedy, D.C. Bar No. 229237
Kate Mueting, D.C. Bar No. 988177
Christine Dunn, D.C. Bar No. 468401
SANFORD HEISLER SHARP, LLP
1666 Connecticut Avenue NW, Suite 300
Washington, DC 20009
Telephone: (202) 499-5201
Facsimile: (202) 499-5199
dsanford@sanfordheisler.com

Kevin Sharp, TN Bar No. 016287
SANFORD HEISLER SHARP, LLP
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7000
Facsimile: (615) 434-7020
ksharp@sanfordheisler.com
*Attorneys for Plaintiff*

By: /s/

Kathleen M. McKenna* (KM-4258)
Steven E. Obus* (SO-9791)
Evandro C. Gigante* (EG-7402)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
kmckenna@proskauer.com
sobus@proskauer.com
egigante@proskauer.com

Colin Kass (DC Bar No. 460630)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Telephone:   (202) 416-6890
Facsimile:   (202) 416-6899
ckass@proskauer.com
*Attorneys for Defendant*

**So Ordered**, this 24th day of May, 2018: /s/ Amy B. Jackson

Hon. Amy Berman Jackson

-13-

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### THE DISTRICT OF COLUMBIA

------------------------------------------------------------------- x
CONNIE BERTRAM,                                :
                                               :
                Plaintiff,            :
                                               :   Civil Action No. 17-00901 (ABJ)
    v.                                       :
                                               :
PROSKAUER ROSE LLP,                            :
                                               :
                Defendant.            :
------------------------------------------------------------------- x

### AGREEMENT TO BE BOUND BY
### STIPULATION AND CONFIDENTIALITY ORDER

The undersigned hereby states as follows:

I have read the Stipulation and Confidentiality Order entered in the above-captioned matter (the "Confidentiality Order"). To the extent that I receive Confidential Material within the meaning of the Confidentiality Order, I agree to be bound by the terms of the Confidentiality Order and I will act will act in accordance with my obligations as described in the Confidentality Order. I hereby consent and submit to the jurisdiction of the Court for purposes of enforcement of the Confidentiality Order.

Signed: _____

Print Name: _____

Date: _____